In the Matter of MATTHEW NEWMAN, an Attorney, Respondent. OFFICE OF GRIEVANCE COMMITTEES, Petitioner.

Fourth Department, September 29, 1978

## APPEARANCES OF COUNSEL

*David E. Brennan (Paul J. Ginnelly* of counsel), for petitioner.

*Salzman, Salzman, Lipson & Buzard (Sidney J. Salzman* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, age 31, was admitted to practice by the Appellate Division, Second Judicial Department, in February, 1972. He is married, has two children and currently practices law in

Rome, New York. In a petition brought by the Office of Grievance Committees he is charged with violations of disciplinary rules prohibiting "conduct involving dishonesty, fraud, deceit, or misrepresentation" (Code of Professional Responsibility, DR 1-102, subd [A], par [4]); "conduct that is prejudicial to the administration of justice" (Code of Professional Responsibility, DR 1-102, subd [A], par [5]); "any other conduct that adversely reflects on his fitness to practice law" (Code of Professional Responsibility, DR 1-102, subd [A], par [6]); and knowingly making "a false statement of law or fact" (Code of Professional Responsibility, DR 7-102, subd [A], par [5]). From the petition it appears that in 1976 and 1977 respondent, then associated with a Utica law firm, gave false reports to his clients in a litigated matter; drafted a spurious judicial decision and mailed a copy to his clients; prepared and signed a Judge's order and forwarded a copy to his clients.

Respondent does not deny the serious charges made against him and has admitted the significant factual allegations of the petition to the staff attorney of the Fifth Judicial District Grievance Committee. In mitigation respondent states that he was under "unremitting pressures" in his work. He has submitted some evidence that he was suffering from an "obsessive compulsive disorder" for which he was undergoing treatment. There is no claim that respondent profited in any way from his misconduct or that he was motivated by a desire for financial gain. The clients have submitted an affidavit stating that the litigation which respondent had been handling is now satisfactorily concluded, that they have suffered no loss due to respondent's neglect of the matter, and that they have recently retained respondent in another matter and "feel that in spite of this bizarre incident he can and will represent us properly." It is noted that respondent's conduct involved misrepresentations made to his clients only, apparently for the purpose of concealing from them the fact that he had been neglecting their matter, and did not involve an effort to forge official legal documents for the purpose of committing a fraud upon the court or the adverse party or for affecting the rights of any party to the litigation.

On the record presented, respondent is guilty of egregious and inexcusable misconduct that has not been explained. Considering all of the circumstances, including the fact that respondent's record as a lawyer since his admission, except for the charges in question, has been good and that respondent on

the advice of his former law partners initiated these proceedings by advising a Supreme Court Justice of the facts, we conclude that he should be suspended for a period of two years and thereafter until permitted to resume practice by order of this court.

MARSH, P. J., MOULE, DILLON, SCHNEPP and WITMER, JJ., concur.

Order of suspension entered.