In the Matter of JOHN F. HENRY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 1, 1983

### APPEARANCES OF COUNSEL

*David E. Brennan* (*Paul J. Ginnelly* of counsel), for petitioner.

*James K. Eby* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice by this court on March 11, 1953.

The petition alleges that respondent was retained in the summer of 1969 to represent a husband and wife on a claim concerning faulty workmanship and construction defects in a new home they had purchased one year earlier from a building contractor. The petition also alleges, and respondent admits, that respondent received 37 written inquiries concerning the claim from December 2, 1969 to June 12, 1978. Respondent admits that he neither replied in writing to any of these inquiries nor advised claimants that he was not representing them and that he was negligent. The petition further alleges that respondent told claimants that the case against the contractor was on the May, 1976

court calendar and that "everything was all right." Lastly, the petition alleges, and respondent admits, that respondent informed claimants on April 27, 1977 that the Statute of Limitations had run on the cause of action against the contractor. Based upon the foregoing, the petition charges respondent with neglecting to protect the claimants' interest and making false and misleading statements to them.

The charge that respondent neglected to protect claimants' interest in this matter was established before the Honorable JOHN W. BERGIN, as referee. On review of the record, we confirm the referee's report and find respondent guilty of neglecting a legal matter entrusted to him in violation of DR 1-102(A)(1) and 6-101(A)(3) of the Code of Professional Responsibility. Respondent argues that he informed claimants that it would be necessary for them to obtain a professional opinion of the damages caused by the contractor's faulty workmanship before he would be able to institute any action on their behalf. Respondent justifies his inaction in this matter on the ground that he never received the requested information. Each of the 37 letters received by respondent inquired as to the status of the case against the contractor. The letters reveal that the claimants were under the impression that respondent was representing them. Respondent should have either pursued claimants' action or given timely notification that he was not representing them.

Respondent should be censured.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of censure entered.