In the Matter of EDWARD DOUGLAS HALPER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 1988

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Jerome Karp, P. C.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order: (1) finding that the crime of which respondent has been convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d); (2) suspending respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f); and (3) directing respondent to show cause why a final order of censure, suspension, or removal from office should not be made, pursuant to Judiciary Law § 90 (4) (g).

Respondent, Edward Douglas Halper, was admitted to practice as an attorney and counselor-at-law in the courts of the State of New York by this court on April 15, 1985. During the period he committed the crime of which he was convicted, respondent maintained an office for the practice of law within this Department.

In the sixth paragraph of the petition, dated September 28, 1987, the petitioner alleges, in substance, as follows: On June 29, 1987, in the Criminal Court of the City of New York, Bronx County (Robert C. McGann, J.), respondent was convicted, by plea of guilty, of the crime of forgery in the third degree (Penal Law § 170.05), which is a class A misdemeanor, and he was sentenced to three years' probation. Furthermore, respondent admitted in his plea that he forged the signature of New York State Supreme Court Justice Seymour Lakritz, in connection with a purported "order", which gave respondent legal custody and guardianship over the teen-age son of a then friend.

The petitioner has presented to this court a certified copy, dated June 29, 1987, of the certificate of disposition of the judgment of conviction.

Respondent, who is represented by counsel, has submitted papers in opposition to the petition. In his own affidavit, verified October 28, 1987, while respondent admits his conviction and states that "my conduct in this matter cannot be condoned", he contends, in substance, he did not commit a serious crime, and he should not be suspended in the interim. Moreover, respondent requests an immediate hearing, in order that he can present evidence in mitigation.

Since the crime of which respondent was convicted involves

misrepresentation, fraud and deceit, we find that it is a serious crime within the meaning of Judiciary Law § 90 (4) (d).

As mentioned *supra,* the respondent is currently serving a criminal sentence of probation. We held in *Matter of Richter* (93 AD2d 505, 506 [1st Dept 1983]), that "[w]e believe that it would be inappropriate for an attorney who is under probation to practice law while he is under probation. (See *Matter of Lowell,* 88 AD2d 128.)"

Accordingly, we grant the petition in its entirety; suspend the respondent from the practice of law, pending further order of this court; refer the matter to the petitioner for hearing, report and recommendation; and, direct respondent to show cause why a final order of censure, suspension or removal from office should not be made.

KUPFERMAN, J. P., SULLIVAN, ROSS, ROSENBERGER and SMITH, JJ., concur.

Petition granted and the crime of which respondent was convicted determined to be a serious crime within the meaning of Judiciary Law § 90 (4) (d), the matter referred to the Departmental Disciplinary Committee for the First Judicial Department to hear and report, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York effective February 4, 1988, and until the further order of this court.