In the Matter of EDWARD DOUGLAS HALPER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 1988

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Edward Douglas Halper, was admitted to practice as an attorney and counselor-at-law in the courts of the State of New York by this court on April 15, 1985. During the period he committed the crime of which he was convicted, respondent maintained an office for the practice of law within this Department.

On June 26, 1987, in the Criminal Court of the City of New York, Bronx County (Robert C. McGann, J.), respondent was convicted, by plea of guilty, of the crime of forgery in the third degree (Penal Law § 170.05), which is a class A misdemeanor, and he was sentenced to three years' probation. Furthermore, respondent admitted in his plea that he forged the signature of a New York State Supreme Court Justice, in connection with a purported "order", which gave respondent legal custody and guardianship over the teen-age son of a then friend.

Thereafter, this court, in an order (M-3900), filed February 4, 1988, granted the "serious crime" application of the petitioner Departmental Disciplinary Committee (petitioner), suspended respondent from the practice of law, pending further order of this court; referred the matter to the petitioner for hearing, report and recommendation; and, directed respondent to show cause why a final order of censure, suspension or removal from office should not be made (135 AD2d 97).

A hearing was held on March 4 and April 4, 1988, and, the Hearing Panel (Panel), in its report to us, recommends respondent be suspended from the practice of law for a period of one year, dating from the date of his suspension, which was February 4, 1988, or, as long as he remains on probation, whichever is longer.

In its report, dated April 11, 1988, at pages 6-8, the Panel gave the following explanation, for its recommendation:

"Forgery of a court order is a serious matter, particularly when committed by an attorney. In most cases, such a departure from professional standards results in disbarment. *Matter of Smith,* 76 A.D. 2d 345 (2d Dep't 1980); *In re Fields,* 36 A.D. 2d 277 (1st Dep't 1971). However, when the record presents significant mitigating factors, a lesser sanction is appropriate.

*Matter of Newman v. Office of Grievance Committees,* 64 A.D. 2d 145 (4th Dep't 1978). This is such a case. As in *Newman,* 'There is no claim that respondent profited in any way from his misconduct or that he was motivated by a desire for financial gain . . .'

"The Hearing Panel found respondent to be remorseful, and it may be concluded that if he is permitted to resume the practice of law it is unlikely that he will again violate his ethical responsibilities".

The petitioner now moves to confirm the Panel's report and recommendation, and, respondent's counsel, on behalf of respondent, submits an affirmation in support of that motion.

After reviewing the record, we agree with the Panel recommendation. Significant mitigating factors were present.

Accordingly, the motion of the petitioner to confirm the Hearing Panel report is granted; and, it is ordered that respondent be suspended from the practice of law for a period of one year, commencing February 4, 1988, the date of respondent's interim suspension by this court, or, as long as he remains on probation, pursuant to the sentence of the Criminal Court of the City of New York, whichever is longer.

KUPFERMAN, J. P., SULLIVAN, ROSS, ROSENBERGER and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective as of February 4, 1988, or as long as he remains on probation, whichever is longer, and until the further order of this court.