In the Matter of THOMAS HUGHES, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 2, 1990

**APPEARANCES OF COUNSEL**

*Paul J. Ginnelly* for petitioner.

*Donald J. Martin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court on September 12, 1972, and has maintained an office for the practice of law in Syracuse, New York. On April 12, 1989, he was convicted, upon his plea of guilty in Syracuse City Court, of two counts of attempted fraud of a notary public, in violation of Executive Law § 135-a (2) and Penal Law § 110.00. On April 26, 1989, he was temporarily suspended from the practice of law pending further order of the court pursuant to Judiciary Law § 90 (4) (f).

Thereafter he was charged by the Grievance Committee of the Fifth Judicial District with violation of three Disciplinary Rules of the Code of Professional Responsibility in connection with the incident giving rise to the criminal charges:

1. DR 1-102 (A) (3): A lawyer shall not engage in illegal conduct involving moral turpitude.

2. DR 1-102 (A) (4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

3. DR 1-102 (A) (5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

Respondent admitted in his answer to the petition that, in order to obtain bail money that had been posted for a client, he signed the bail assignment release using the name of the person to whom the bail receipt was made out, without the knowledge or consent of that person. He also admitted that he used the notary stamp of a paralegal in the office where he had shared space and signed the notary's name, notarizing the false signature on the bail assignment release so that he could obtain the bail money which he claimed as his fee.

Respondent asserts in mitigation that he was an undiagnosed alcoholic at the time of the misconduct and that he is now in treatment and abstaining from alcohol. There is no indication in the record before us that respondent had any intent to steal.

Respondent's admitted conduct involved deliberate dishonesty and constituted a violation of each of the Disciplinary Rules charged. We have considered the matters respondent has urged in mitigation and his previously unblemished professional record and conclude that respondent should be sus-

pended from the practice of law for three years, effective April 26, 1989, and until further order of the court.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of suspension entered.