In the Matter of ANTHONY P. LaFAY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 13, 1990

1

2

APPEARANCES OF COUNSEL

*Gerard M. LaRusso* for petitioner

*Mitchell T. Williams* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court on April 5, 1967, and has maintained an office for the practice of law in Rochester, New York. Respondent has admitted that, before the court issued an order vacating a stay of enforcement of a wage deduction order in a matrimonial proceeding, he contacted the employer of his client's husband and advised the employer that the stay had been vacated and thus it would be proper to continue the wage deductions. The order vacating the stay was not signed, and the employer was not notified of that fact until two months later. Also, respondent modified the provisions of a financial disclosure authorization form that had been signed by the client's husband without the permission or knowledge of the client's husband.

Respondent also has admitted that in a separate legal matter, he failed to seek relief from a pending default divorce proceeding within the time constraints imposed by the court and that, in an application to vacate portions of the default judgment, he signed his client's name to an affidavit and notarized that signature, knowing that his client had not signed or sworn to the statements made therein.

We find that respondent neglected a legal matter entrusted to him (Code of Professional Responsibility DR 6-101 [A] [3]; *see also, Matter of Weldon,* 94 AD2d 327; *Matter of Henry,* 92 AD2d 369) and that he engaged in unprofessional conduct by knowingly making a false statement of fact and a misrepresentation (DR 1-102 [A] [4]; DR 7-102 [A] [5]; *see also, Matter of Hughes,* 153 AD2d 278; *Matter of Newman,* 64 AD2d 145). We have considered respondent's unblemished record over 23 years in the practice of law, his excellent reputation in the community and the various matters he raised in mitigation.

We conclude, however, that respondent has engaged in acts of professional misconduct and that he should be suspended for a period of two years and until further order of this court.

DILLON, P. J., CALLAHAN, DENMAN, GREEN and BALIO, JJ., concur.

Order of suspension entered.