(September 25, 1990)

■ In the Matter of JOHN B. FOLMER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1962 and, during the time of the acts underlying this proceeding, maintained an office for the practice of law in Cortland County. Respondent discontinued his law practice in 1989 and since that time has served as a Hearing Examiner for the Family Courts of Cortland and Tompkins Counties.

Petitioner commenced this disciplinary proceeding against respondent by petition alleging two charges of misconduct, both stemming from his representation of Gary T. Tice in a divorce action. By decision dated June 27, 1990, this court granted a motion by petitioner, pursuant to section 806.5 of the court's rules (22 NYCRR 806.5), for an order declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise. Thereafter, respondent, represented by counsel, appeared before the court and was heard in mitigation.

The first misconduct charge contained in the petition alleges that the plaintiff in the divorce action moved for certain relief against Tice, but respondent failed to oppose the requested relief, which was subsequently granted by Supreme Court. The second charge alleges that respondent misled and deceived Tice during the course of his representation of him. Specifically, respondent, *inter alia,* deleted a portion of a court decision which he sent to Tice, prepared a set of motion papers which included an affidavit by Tice but failed to file such papers with the court, advised Tice that a trial of the matter had been scheduled when such was not the case, and informed Tice of the substance of various court decisions and orders which, in fact, had never been made by the court. Finally, and most notably, respondent advised Tice that Supreme Court had granted him a judgment of divorce. Respondent, moreover, sent Tice a copy of a divorce decree purportedly signed by Supreme Court. Tice thereafter remarried, only to learn that no divorce decree had been issued and that respondent had prepared the document in question and had signed the Supreme Court Justice's name thereto without the knowledge or consent of such Justice.

In mitigation of the foregoing, respondent states that his handling of the Tice matter was an aberration from his usual forthright and competent handling of the legal matters entrusted to him and was, in part, a product of the fact that Tice was a most difficult client. In addition, respondent has submitted a number of character affidavits, mostly from Cortland-area attorneys, which evidence the fact that he is held in high esteem by the local Bar. Respondent also asks this court to consider the fact that he had been released from an inpatient alcohol treatment program just six months before taking on the Tice case in 1984. While we do take these mitigating factors into consideration, we must point out that, although respondent may have been retained by Tice shortly after being discharged from the alcohol treatment program in 1984, the acts of misconduct set forth in the petition all took place from 1987 through 1989. Moreover, the fact that Tice may have been a difficult client in no way justifies or excuses the acts of misconduct committed by respondent during the course of his representation of him. We find particularly reprehensible respondent's presentment to Tice of a bogus divorce decree which allegedly had been signed by a Justice of the Supreme Court.

While we are not totally unsympathetic to respondent, who is clearly well regarded by his fellow attorneys and has

participated in a great many civic activities in his community, we cannot disregard the seriousness of the present charges of misconduct, particularly the charge concerning the spurious divorce decree *(see, Matter of Halper,* 141 AD2d 201; *Matter of Newman,* 64 AD2d 145). After considering all of the circumstances presented, including the mitigating factors cited by respondent and the numerous character references submitted on his behalf, we conclude that the ends of justice will best be served by the imposition of a suspension for a period of two years.

Respondent suspended from the practice of law for two years and until further order of the court, the date of commencement to be fixed in the order to be entered hereon. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.