In the Matter of KEVIN B. DWYER (Admitted as KEVIN BRUCE DWYER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 25, 1991

### APPEARANCES OF COUNSEL

*Gary L. Casella (Maryann Yanarella* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained the five charges of professional misconduct alleged against the respondent. The petitioner has moved to confirm the report of the Special Referee.

Charge One alleged that the respondent neglected a legal matter entrusted to him. In or about October 1986, the respondent was retained to initiate an action against the landlord of a commercial property based upon purported violations of the terms and conditions of the lease. In or about December 1986, the respondent prepared an affidavit for his client's signature in anticipation of preparing a complaint. Although the affidavit was signed by the client in or about January 1987, the respondent failed to serve a summons or complaint, or to initiate any proceeding on behalf of his client.

Charge Two alleged that the respondent has been guilty of conduct involving dishonesty, fraud, deceit or misrepresentation. In the spring of 1987, the respondent informed his client that the action against his landlord had been commenced. The respondent continued to mislead his client as to the status of his case until May 1989, when the client learned from the Calendar Clerk of the Putnam County Supreme Court that his case had never been filed with the court and no index number had been obtained.

Charge Three alleged that the respondent neglected a legal matter entrusted to him. In or about October 1986, the respondent was retained by the same individual involved in Charges One and Two to initiate an action against a corporation which had allegedly supplied a faulty computer system. In or about March 1987, the respondent prepared an affidavit for his client's signature in anticipation of preparing a complaint. Thereafter, the respondent failed to serve any summons or complaint, or to initiate any proceeding on behalf of his client.

Charge Four alleged that the respondent has been guilty of conduct involving dishonesty, fraud, deceit or misrepresentation. In the spring of 1987, the respondent informed his client that all necessary parties in the action against the corporation had been served and that the papers had been filed with the court. The respondent continued to mislead his client until in or about May 1989, when the client learned from the Calendar Clerk for the Putnam County Supreme Court that the case had never been filed with the court and no index number had been obtained.

Charge Five alleged that the respondent has been guilty of conduct that adversely reflects on his fitness to practice law, in that he has failed to communicate with his client and to comply with the requests of his client in a timely manner. By letter dated May 9, 1989, the client sought clarification of the

events surrounding the two actions the respondent had been retained to handle (Charges One through Four). The respondent failed to comply with this request or to inform his client that he had not taken any action in these matters. The respondent also failed to promptly turn the files over to his client's new attorney.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the five charges of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating factors advanced by the respondent during the disciplinary proceeding. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of three years commencing January 1, 1992, and until further order of this court.

MANGANO, P. J., BRACKEN, KUNZEMAN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Kevin B. Dwyer is suspended from the practice of law for a period of three years, commencing January 1, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Kevin B. Dwyer is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing

as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.