In the Matter of STANLEY A. SCHWARTZ, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 7, 1992

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the Bar by this Department in 1967, and alternately worked in legal publishing and practiced law within the Department until 1990. From 1982 until 1988 he was affiliated, both as editor-in-chief and general counsel, with Data-Lex Inc., a limited partnership engaged in marketing legal texts. The pressures of that job assertedly led respondent to commit certain unlawful acts—specifically, his false notarization of investor signatures on confessions of judgment by an accountant who claimed to hold powers of attorney, and the submission of an appraisal to a law firm without disclosing the appraiser's hold-harmless protection. In 1987 respondent was charged, in a multicount indictment, with scheming to defraud in the first degree (a class E felony), grand larceny in the second degree (a class C felony) and criminal possession of a forged instrument in the second degree (a class D felony). Two years later he entered a plea of guilty to scheming to defraud in the second degree and criminal possession of a forged instrument in the third degree (both class A misdemeanors), in satisfaction of the indictment, and was sentenced to three years' probation and ordered to make restitution of $5,000. As a result of that conviction, on December 4, 1990 respondent was temporarily suspended from practice by this court under the "serious crime" provisions of Judiciary Law § 90 (4) (f), pending further proceedings (164 AD2d 184).

A Hearing Panel has now concluded that respondent's indiscretions were violative of standards of professional responsibility proscribing misconduct in the form of dishonesty, fraud, deceit or misrepresentation (Code of Professional Responsibility DR 1-102 [A] [4]). However, in light of his hitherto unblemished record, his impressive character witnesses and the fact that he did not profit from this misconduct, the Panel recommended a sanction of suspension for one year from the date of our prior order or for the period of respondent's criminal probation, whichever is longer. Petitioner moves for adoption of that recommendation.

In light of this record, the recommended sanction is appropriate (*Matter of Halper*, 141 AD2d 201). Respondent should be suspended from practice for one year from the date of our temporary order of suspension, or as long as he remains on probation, whichever is longer, and until the further order of this court.

Carro, J. P., Wallach, Asch, Kassal and Rubin, JJ., concur.

Respondent is suspended from practice for a period of one year, effective as of December 4, 1990 (the date of our interim order of suspension), or as long as respondent remains on probation, whichever is longer, and until the further order of this court.