In the Matter of ARTHUR O. KLEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 10, 1992

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*James L. Fischer* of counsel *(London Fischer,* attorney), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Arthur O. Klein was admitted to the practice of law in New York by the Appellate Division, First Department, on June 23, 1959. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department. Respondent was also registered to practice before the Patent and Trademark Office.

Petitioner Departmental Disciplinary Committee seeks an order confirming the findings of the Hearing Panel and the recommended sanction of suspension for a period of two years from practice in New York upon the ground that respondent is guilty of professional misconduct pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2) and the doctrine of collateral estoppel. Respondent cross-moves to dismiss the Committee's petition and for an order denying the application of collateral estoppel in this matter.

By order dated November 8, 1989, this Court previously granted the Committee's petition, thereby finding respondent guilty of professional misconduct pursuant to the doctrine of collateral estoppel, and ordered that this matter be referred to the Committee for a hearing solely to consider evidence in mitigation and to recommend the appropriate sanction to be imposed upon respondent.

In accordance with this Court's order, hearings began on May 14, 1991 and concluded on June 5, 1991. Respondent's misconduct was based on the neglect of 11 matters before the United States Patent and Trademark Office (PTO). To cover up his neglect, respondent falsely certified the dates he submitted documents to the PTO relating to those matters and gave ensuing false information to the PTO. Findings of fact by an Administrative Law Judge against respondent were reviewed by a Deputy Commissioner of Patents and Trademarks, and he was then suspended from practice before the PTO. The PTO proceeding was reviewed in the United States District Court and the Court of Appeals, which courts affirmed the PTO order and proceeding.

At the hearings held, respondent showed a lack of candor towards the Hearing Panel and a lack of remorse for what he had been found to have done. In his defense, respondent attempted to portray himself as a victim. He insisted that the PTO proceeding was unfair, and he displayed hostility towards his perceived antagonists at the PTO.

Respondent opposes the Committee's motion to confirm and requests that this Court impose a sanction no greater than a private reprimand.

In view of the extensive litigation before the PTO and full appellate review in the District Court and the United States Court of Appeals, the findings of professional misconduct by the PTO were adopted pursuant to the doctrine of collateral estoppel. The only remaining issue to be determined is sanction.

Respondent has offered little evidence in mitigation of his misconduct. He continued to attack the proceedings before the PTO and otherwise denied any wrongdoing. Respondent has engaged in a pattern of misconduct which has been aggravated by his refusal to accept responsibility for his actions and the absence of remorse. These factors clearly warrant the imposition of the sanction recommended by the Hearing Panel.

Accordingly, the Committee's motion to confirm the Hearing Panel's report should be granted and the recommended sanction of a two-year suspension should be imposed.

Respondent's cross motion for a renewal of his previous motion and for a dismissal of the petition should be denied in its entirety.

CARRO, J. P., ELLERIN, WALLACH, ASCH and RUBIN, JJ., concur.

Motion granted, report of the Hearing Panel confirmed, respondent suspended for a period of two years, effective December 10, 1992, and until the further order of this Court; and respondent's cross motion for dismissal of the petition, or for other relief, denied in all respects.