█ In the Matter of MICHAEL E. MINE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [607 NYS2d 464] —Per Curiam. By decision of this Court dated September 29, 1992, respondent was suspended for an indefinite period because he suffered from incapacitating alcoholism and depression (see, 22 NYCRR 806.10 [a]). Respondent was admitted to practice by this Court in June 1983. He resides in Albany County.

In July 1993, petitioner commenced a disciplinary proceeding against respondent charging him with neglect of legal matters entrusted to him (charge I, eight specifications) and misleading and deceiving his clients and his law firm regarding the status of various matters (charge II, 19 specifications).

Respondent admits the charges and we find him guilty of

professional misconduct, as charged and specified. The misconduct was of a serious nature. Not only did respondent neglect to proceed with routine matters, but he went to great lengths to deceive his clients into believing he was proceeding on their behalf. Most grievously, on a number of occasions respondent prepared bogus court orders and judgments, forged the signatures of Judges on them, and provided his clients with copies of the fraudulent documents.

It is not disputed that during the time of his professional misconduct, respondent suffered from severe alcoholism and severe clinical depression. The combination not only led to misconduct typical of alcoholics, but also to his later suspension by this Court.

It is also clear that over the past year or so respondent has made a concerted effort at recovery. He was hospitalized for about a month to treat his depression. He has completed an out-patient alcohol rehabilitation program. He has attended Alcoholics Anonymous meetings almost daily since his suspension. He continues monthly meetings with his psychiatrist and states an intention to join a therapy group. He takes prescribed drugs for his depression. He is willing to abide by the terms of the New York State Bar Association's Lawyer's Assistance Program and is an acceptable candidate to that program.

Respondent is married and has two children. He is gainfully employed in an occupation not connected with the law. His affidavit in mitigation demonstrates a deep remorse for his professional misconduct.

We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended for a period of three years, *nunc pro tunc* as of September 29, 1992 *(see, e.g., Matter of Dwyer,* 171 AD2d 376; *Matter of Folmer,* 165 AD2d 951; *Matter of Pistone,* 81 AD2d 116; *Matter of Newman,* 64 AD2d 145). We reiterate our view that problems such as alcoholism can only serve to mitigate, not excuse, professional misconduct on the part of an attorney.

Upon any application for reinstatement by respondent, he will be required to demonstrate that he has taken appropriate and effective steps to maintain his sobriety and mental health and to prevent a recurrence of the kinds of professional misconduct for which he is being disciplined. We note with approval in that regard respondent's attendance at AA meetings, his ongoing treatment for depression, and his stated

willingness to participate in the New York State Bar Association's Lawyer's Assistance Program *(see, Matter of Rea,* 173 AD2d 955).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that, pursuant to Judiciary Law § 90 (2) respondent is hereby suspended from the practice of law for a period of three years, effective *nunc pro tunc* as of September 29, 1992; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor-at-law, that he has complied fully with the provisions of section 806.12 of this Court's rules governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application or of any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.