[630 NYS2d 25]

In the Matter of Irving Edelman, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 13, 1995

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Irving Edelman, was admitted to the practice of law in the State of New York by the Second Judicial

Department on June 19, 1963. At all times relevant to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

On or about June 15, 1993 respondent was served with a notice and statement of charges. The charges alleged that respondent was guilty of professional misconduct because in representing his client, Ms. Isabel Oliveira, a wife seeking a divorce, he intentionally failed to obtain the transfer of title to the jointly held marital condominium, failed to complete negotiation of the separation agreement and failed to incorporate the separation agreement into the divorce judgment, thereby intentionally failing to seek the lawful objectives of his client, in violation of Code of Professional Responsibility DR 7-101 (A) (1) (22 NYCRR 1200.32) and intentionally prejudicing or damaging his client during the course of the professional relationship, in violation of DR 7-101 (A) (3) (22 NYCRR 1200.32) (Charge One).

Respondent also engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3), by making false statements to Ms. Oliveira that he had obtained her husband's signature on the separation agreement and submitted the fully executed separation agreement to the Supreme Court (Charge Two).

Charge Three alleged that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3) and conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3) as a result of his making false statements to the Departmental Disciplinary Committee in his answer to the Oliveira complaint and in his deposition that he had not approved of or signed the "vacating agreement".

Respondent was further charged with intentionally violating an established rule of procedure, in violation of DR 7-106 (C) (7) (22 NYCRR 1200.37) as a result of his failure to notify his adversary of the entry of the divorce judgment on July 31, 1990 (Charge Four) and with engaging in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3), as a result of his failure to timely answer the Oliveira complaint (Charge Five).

A Hearing Panel convened to hear testimony and receive evidence relating to the charges on September 28, 1993, November 16, 1993, November 23, 1993 and December 7, 1993. Witnesses included, *inter alia*, Ms. Oliveira, her former hus-

band's current and prior attorneys, Craig Kaplan and Leslie Case, respectively, and respondent. During the hearings the following facts were presented and conclusions reached.

In August 1989, Ms. Oliveira retained respondent to complete her divorce from her husband, William Ramos. The principal open issues were the transfer of possession and title to a condominium which they jointly owned to Ms. Oliveira, the transfer of a car to Ms. Oliveira, and the payment by Ms. Oliveira to Mr. Ramos of an amount, later determined to be $27,500, in exchange for surrendering his interests in the condominium and the car. Ms. Oliveira and Mr. Kaplan testified that respondent was retained to obtain title to the condominium as well as to obtain a divorce. Respondent testified that he was only retained to obtain a divorce, but produced no evidence to support his claim that the retainer was so limited.

The parties had arranged the transfer of possession and title as a three-step process. First they entered into a "vacating agreement" dated January 11, 1990, wherein, *inter alia,* Mr. Ramos agreed to vacate the apartment in exchange for the $27,500 payment. Ms. Oliveira, Mr. Ramos, and respondent signed this agreement. Then the parties were to execute a separation agreement which would provide that Mr. Ramos would sign a deed to transfer title to the apartment. Finally the deed would be signed completing the transfer of title.

Instead of proceeding as planned, respondent for some reason pursued his own approach. He prepared and filed a set of papers for an uncontested divorce, including a notice of appearance by Mr. Ramos' counsel, who said that the notice was not prepared by his firm. A judgment of divorce was entered on July 31, 1990.

In March 1990, he received a draft separation agreement from Mr. Kaplan and had Ms. Oliveira sign it, despite his belief that a separation agreement was unnecessary. However, he did not return the signed agreement to be countersigned by Mr. Ramos. When Ms. Oliveira inquired about the status of the agreement in December 1990, respondent falsely stated that the original with both signatures had been filed in court and that he would retrieve it for her. He subsequently evaded her calls on this subject for many months. Ultimately, Ms. Oliveira had to contact Mr. Ramos herself and persuade him to sign a deed.

Thereafter at deposition, respondent adamantly denied that

he had signed the "vacating agreement", and when confronted with his signature on the agreement, he denied that the signature was his or that he had forgotten that he had signed it. Later, during the hearing he admitted his responses at the deposition were untrue and that he had forgotten his signing of the agreement.

Based upon the evidence presented the Hearing Panel sustained Charges One, Two and Three. The Panel dismissed Charges Four and Five concluding that there was insufficient evidence to sustain the charges that respondent intentionally violated a rule of matrimonial practice and his initial failure to respond to the Oliveira complaint constituted conduct prejudicial to the administration of justice.

Thereafter, Departmental Disciplinary Committee staff counsel recommended that respondent should be suspended from the practice of law for a period of two years. Staff counsel further advised the Panel that respondent had been admonished in 1979 based upon his disclosure of client confidences in sworn testimony.

On July 26, 1994 the Hearing Panel issued its written report recommending that respondent should be suspended from the practice of law for a period of two years.

By petition dated October 4, 1994, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction.

By cross motion dated January 18, 1995, respondent seeks an order disaffirming the Hearing Panel's report and dismissing the charges, or, in the alternative, imposing the sanction of private reprimand.

A review of the evidence presented to the Hearing Panel indicates that there is ample support for the Hearing Panel's findings that respondent intentionally failed to seek the lawful objectives of Ms. Oliveira, to her prejudice, in violation of DR 7-101 (A) (1) and (3) (22 NYCRR 1200.32) and made false statements to her regarding the matter in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3). Respondent is also guilty of making false statements to the Committee in his response to the complaint and under oath during his deposition, in violation of DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3).

Respondent's cross motion is denied, to the extent that it seeks an order dismissing the findings of the Hearing Panel on the ground that respondent has been denied due process during the disciplinary proceeding. Respondent's claims that

the Committee staff counsel failed to disclose exculpatory evidence and that he was denied the opportunity to present the testimony of Mr. Ramos, are without merit. The alleged undisclosed material was either not exculpatory in nature, or was material he already had in his possession. With respect to Mr. Ramos's file, which staff counsel subpoenaed from Mr. Kaplan, relevant portions of that file were disclosed to respondent's prior counsel during the hearing sessions. In addition, Mr. Kaplan himself testified at the hearing, and respondent had every opportunity to cross-examine him at that time. Finally, with respect to the testimony of Mr. Ramos, the record establishes that respondent was offered more than ample opportunity to present his testimony.

Turning to the issue of sanction, precedent clearly indicates that respondent's conduct merits suspension. His intentional failure to obtain full title to the marital residence for Ms. Oliveira and his false statements to her regarding the separation agreement warrant suspension (see, Matter of Folmer, 165 AD2d 951 [two-year suspension]; Matter of LaFay, 159 AD2d 1 [two-year suspension]). Also, his false statements to the Committee in his written response and under oath at a deposition merit suspension (see, Matter of Glotzer, 191 AD2d 112 [six-month suspension]; Matter of Harris, 139 AD2d 253 [two-year suspension]). Finally, respondent's misconduct has been aggravated by his lack of candor while testifying at the hearing and his failure to accept responsibility for his misconduct or show understanding that a wrong occurred (see, Matter of Rabinowitz, 189 AD2d 402, lv denied 82 NY2d 653 [three-year suspension]; Matter of Klein, 183 AD2d 279 [two-year suspension]). As such, the two-year suspension recommended by the Hearing Panel is appropriate under these circumstances.

Accordingly, the Committee's petition is granted, the Hearing Panel's report confirmed, and the recommended sanction of suspension from the practice of law for a period of two years is imposed. Respondent's cross motion is denied in its entirety.

Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's report and recommendation, denying respondent's cross motion to disaffirm the report and dismiss the matter, or for other relief, and respondent suspended from the practice of law for a period of two years, effective as of August 14, 1995, and until the further order of this Court.