[744 NYS2d 29]

In the Matter of ROBERT R. RACE, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, June 25, 2002

**APPEARANCES OF COUNSEL**

*Jeremy S. Garber* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Jerome Karp, P.C.,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Robert R. Race, was admitted to the practice of

law in the State of New York by the Second Judicial Department on February 25, 1976. At all times relevant herein, respondent maintained an office for the practice of law within this Judicial Department.

By notice and statement of charges dated December 8, 2000, it is alleged that respondent provided false information to the New York City Police in the course of their investigation of an assault and murder of a police officer 24 years ago.

Charge One alleged that respondent violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3), which forbids conduct involving dishonesty, fraud, deceit or misrepresentation. Charge Two alleged that respondent's conduct was prejudicial to the administration of justice in violation of DR 1-102 (a) (5) of the Code and Charge Three alleged that such conduct adversely reflected on the respondent's fitness to practice law in violation of then DR 1-102 (a) (6) (now [7]). In his answer, the respondent admitted that he conveyed false information to the Police Department in 1977, but did not concede that this conduct violated the Code, and requested that all conclusions and questions of law be referred to a referee.

A referee was appointed to hear and report on the charges and after a hearing, the Referee sustained Charges One and Three, but dismissed Charge Two. After a second hearing on mitigation, the Referee recommended that the respondent receive a public censure. Subsequently, a Hearing Panel issued a report modifying the Referee's report to the extent of recommending reinstating Charge Two and suspending respondent for three months.

The Departmental Disciplinary Committee now moves pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (1) for an order confirming the Hearing Panel's determination and imposing whatever sanction this Court deems fair, just and equitable. Respondent cross-moves to confirm the recommendation of the Referee and the Hearing Panel to sustain Charges One and Three, to confirm the Referee's recommendation to dismiss Charge Two and to impose a sanction less than suspension.

Contrary to respondent's contentions that his fabricated story to the Police Department approximately 24 years ago did not hamper their official investigation into the underlying crime or prejudice its prosecution, its mere utterance constitutes prejudice to the administration of justice in violation of DR 1-102 (a) (5) (*see, Matter of Edelman*, 212 AD2d 126).

We also agree that the sanction of a three-month suspension is appropriate in light of the factors considered by the Hearing

Panel in mitigation. Any less severe sanction would lessen the public's reliance upon the integrity and responsibility of the legal profession.

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact and conclusions of the Hearing Panel and suspending respondent from the practice of law for a period of three months. Respondent's cross motion should be denied.

WILLIAMS, P.J., LERNER, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective July 25, 2002.