■ In the Matter of ERIN L. PASSETTI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [862 NYS2d 408]—

Per Curiam. Respondent was admitted to practice by this Court in 2006. She resides in Virginia.

Petitioner charges respondent with having misrepresented the status of and neglected clients' cases while an associate at a law firm in the City of Binghamton, Broome County, in violation of the Appellate Division disciplinary rules (see Code of Professional Responsibility DR 1-102 [a] [4]; DR 6-101 [a] [3] [22 NYCRR 1200.3 (a) (4); 1200.30 (a) (3)]) (charge one) and with having failed to cooperate with petitioner (see Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]) (charge two). Charge two alleged that petitioner issued a letter of admonition to respondent based on the facts underly-

■■■■■■■■■■■■■■■■■■■■

ing charge one on condition that she follow through, within 30 days, on her stated intention to voluntarily resign from the New York State bar. She has not resigned. Respondent submitted an answer to the petition in which she admitted charge one but denied receipt of the letter of admonition.

Having granted a motion by petitioner for an order declaring that no facts are raised by the pleadings (see 22 NYCRR 806.5) and having given respondent an opportunity to present evidence and appear in mitigation, an opportunity to which she has not responded, we now find respondent guilty of the serious misconduct set forth in charge one. Such misconduct involved dishonesty and deception. Had it not been discovered by the law firm and reported to petitioner, it eventually could have led to serious adverse consequences for the firm's clients. Respondent's misconduct is aggravated by her apparent disregard for her fate as an attorney.

However, we reject charge two because it relies on a conditional admonition unauthorized by this Court's rules regulating the procedures and authority of petitioner (see 22 NYCRR 806.4).

We conclude that respondent's misconduct warrants her suspension from practice for a period of three years.

Peters, J.P., Spain, Rose, Malone Jr. and Stein, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in charge one of the petition of charges; and it is further ordered that charge two of the petition is dismissed; and it is further ordered that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).