■ In the Matter of MARK D. NIZER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [940 NYS2d 904]—

Per Curiam. Respondent was admitted to practice by this Court in 2003 and maintained an office for the practice of law in the City of Albany.

Having granted a motion by petitioner for an order declaring that no issues are raised by the pleadings herein and having heard respondent in mitigation (*see* 22 NYCRR 806.5), we now find respondent guilty of professional misconduct as charged and specified in the petition. While employed as an associate in a law firm, respondent engaged in misleading and deceiving conduct by falsely preparing and submitting bills to his employer and clients representing that he had performed work for those clients when in fact no work was performed by him (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d], [h]).

In mitigation, respondent expresses regret for his misconduct and cites health issues and family problems. However, as this Court has previously stated, "attorneys must attend to their

clients' interests punctually and with vigor despite distracting and stressful intrusions from personal and family problems or advise their clients of their option to obtain other counsel" (*Matter of Tang*, 21 AD3d 1210, 1211 [2005], *appeal dismissed* 6 NY3d 750 [2005]).

We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of two years (*see e.g. Matter of Passetti*, 53 AD3d 1031 [2008]; *Matter of Mine*, 201 AD2d 753 [1994]).

Rose, J.P., Spain, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).