[945 NYS2d 285]

In the Matter of RICHARD P. CARO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 31, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Richard P. Caro*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Richard P. Caro was admitted to practice law in the State of New York by the Second Judicial Department on April 24, 1974. Respondent resides in Illinois, but at all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

By the instant petition, the Departmental Disciplinary Committee (DDC) moves for an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 605.15 (e), confirming the DDC Hearing Panel's findings and imposing a six-month suspension.

This matter arises from respondent's representation of a client in a civil case and a case in the U.S. Bankruptcy Court regarding the administration of real property. In a traverse hearing in the civil action, the Special Referee found that contrary to respondent's sworn assertions that he personally served the defendants in that case in February 1999, he handed the papers to a receptionist and did not personally serve them until June 1999. The Special Referee found respondent's testimony to be "confused, disingenuous or downright dishonest, and plainly incredible." In the bankruptcy proceeding, the court found that respondent "acknowledged that he had no contemporaneous time records to support [his claim for attorney fees and disbursements], that he permitted other time records to be left out in the rain and rendered illegible and that he destroyed any remaining legible time records . . . during the pendency of litigation."

In May 2009, the DDC petitioned this Court for an order giving collateral estoppel effect to the two decisions and finding respondent guilty of professional misconduct. By order dated June 14, 2010, this Court granted the DDC's petition. We found that, based on these decisions, respondent engaged in misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) (conduct prejudicial to the administration of justice). We referred the matter back to the DDC for a hearing and to recommend an appropriate sanction.

Following the hearing, the respondent submitted a letter citing mitigating circumstances including medical problems, depression and financial pressure. The Hearing Panel rejected

this evidence because respondent failed to establish a causal link between those factors and his misconduct. The Hearing Panel issued a report finding that respondent "intentionally lied under oath" and "destroyed important evidence," and recommending a six-month suspension.

Respondent takes no position with regard to the Hearing Panel's findings and recommendation for suspension, but requests that the suspension be retroactive to July 2010, when he alleges that he "voluntarily retired" from the practice of law. In support of his request, respondent cites, among other factors, his acceptance of responsibility for his actions, his substantial financial losses and need to support his family, and his public interest work. The DDC argues that the suspension should not be retroactive because respondent's misconduct involved intentional misrepresentations to the courts, and he has not established that a nunc pro tunc suspension is warranted.

We agree with the DDC and Hearing Panel that six months is appropriate in this case (*see e.g. Matter of Brenner*, 44 AD3d 160 [2007] [six-month suspension for making false statements in a pro hac vice application]; *Matter of Race*, 296 AD2d 168 [2002] [three-month suspension for giving false information to the police in the course of their investigation of an assault and murder of a police officer]). Respondent's misconduct is less egregious than in cases where a one-year suspension was imposed (*compare Matter of Stahl*, 72 AD3d 218 [2010] [one-year suspension for false testimony at a civil trial and false testimony and fabrication of documents in a disciplinary proceeding]; *Matter of Pu*, 37 AD3d 56 [2006], *appeal dismissed and lv denied* 8 NY3d 877 [2007] [one-year suspension for false statements made to a federal court]). Respondent was not sanctioned by any court and did not fabricate evidence or present false witness testimony.

However, we reject respondent's request for a six-month suspension nunc pro tunc to July 2010. The fact that the misconduct at issue involves misrepresentations to a court militates against such a suspension (*see e.g. Matter of Dranov*, 14 AD3d 156 [2004]).

Accordingly, the DDC's motion pursuant to 22 NYCRR 605.15 (e) is granted, the Hearing Panel's findings are confirmed, and respondent is suspended from the practice of law in the State of New York for a period of six months, effective 30 days from the date hereof and until further order of this Court.

ANDRIAS, J.P., CATTERSON, RENWICK, DEGRASSE and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof and until further order of this Court.