*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 24, 2014                    D-72-14
_____

In the Matter of MARCIA J.
    DOYLE, an Attorney.

COMMITTEE ON PROFESSIONAL                    MEMORANDUM AND ORDER
    STANDARDS,
                    Petitioner;

MARCIA J. DOYLE,
                    Respondent.

(Attorney Registration No. 2489102)
_____


Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Dreyer Boyajian, LLP, Albany (William J. Dreyer of
counsel), for respondent.

_____


Per Curiam.

        Respondent was admitted to practice by this Court in 1992.
She maintains an office for the practice of law in Averill Park,
Rensselaer County.

        By petition dated December 30, 2013, petitioner commenced
this disciplinary proceeding alleging, in two charges, that
respondent engaged in professional misconduct by, among other
things, purchasing property from a client after preparing all the
relevant documents without sufficient disclosure of their

differing interests.  Respondent's deceptive conduct in subsequently failing to file the purchase money note and mortgage on behalf of the client resulted in the client's purchase money mortgage being subordinate to the numerous notes and mortgages later obtained by respondent to encumber the property.  Following a hearing, the Referee sustained that part of charge I alleging that respondent was guilty of engaging in misleading and deceiving conduct that adversely reflects upon her honesty, trustworthiness or fitness as a lawyer (see former Code of Professional Responsibility DR 1-102 [a] [4], [7] [former 22 NYCRR 1200.3 (a) (4), (7)]).  Further, the Referee sustained charge II in its entirety, finding respondent guilty of violating the rules concerning engaging in a conflict of interest by, among other things, representing a client when there was a significant risk that her professional judgment would be adversely affected by her own interests (see former Code of Professional Responsibility DR 5-101 [a]; DR 5-104 [former 22 NYCRR 1200.20 (a); 1200.23]).  Petitioner now moves to confirm the Referee's report and respondent cross-moves to partially disaffirm the report.

We find that a fair preponderance of the evidence supports the Referee's determination concerning respondent's serious professional misconduct and we therefore confirm the Referee's report in its entirety.  We further find respondent guilty of the charged misconduct sustained in that report and conclude that, under the particular circumstances presented and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of three years, effective immediately (see Matter of Crumb, 66 AD3d 1323, 1323 [2009]; Matter of Gold, 64 AD3d 990, 992 [2009]; Matter of Passetti, 53 AD3d 1031, 1032 [2008]).

Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that petitioner's motion to confirm the Referee's report is granted and respondent's cross motion to partially disaffirm the report is denied; and it is further

ORDERED that respondent is found guilty of the professional misconduct charged and specified in the petition of charges, with the exception of the allegation that she violated former Code of Professional Responsibility DR 1-102 (a) (5) (former 22 NYCRR 1200.3 [a] [5]); and it is further

ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court; and it is further

ORDERED that, for the period of supervision, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).


ENTER:

Robert D. Mayberger
Clerk of the Court