116

In the Matter of A. JOSEPH FATA (Admitted to the Bar as ANGELO J. FATA), an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, the NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, December 3, 1964.

*Henry Weiner* (*James J. Fitzpatrick* with him on the brief), for petitioner.

*Matthew H. Brandenburg* for respondent.

*Per Curiam.* Respondent was admitted to practice in the Second Department on October 21, 1954. His brother, Francis A. Fata, was admitted to practice on the same day. From January, 1955, through 1957 the two brothers practiced law in the Borough of Manhattan under the firm name of Fata & Fata.

This disciplinary proceeding was commenced against both brothers, but was continued against respondent alone when this court on February 15, 1962, struck the name of Francis A.

Fata from the roll of attorneys upon his execution of a resignation from the Bar.

Respondent was charged with professional misconduct upon a petition alleging 10 separate charges. After extensive hearings, a Referee reported that all of the 10 charges had been sustained. The report of the Referee is confirmed.

The charges sustained include solicitation of retainers for the firm of Fata & Fata (Charges Nos. 1 and 2); preparation and filing statements of retainer giving false information with respect to the referrers of the claimants (Charge No. 3); the submission of false medical reports and doctors' bills (Charge No. 4); building up and exaggerating personal injury claims (Charge No. 5); the submission of false bills of particulars (Charge No. 6); the submission of false statements of loss of earnings (Charge No. 7); obtaining retainer agreements which were undated and omitted the name of the retained attorney (Charge No. 8); the compromise of infants' claims without court order (Charge No. 9); and failure to maintain a separate special bank account in which to deposit clients' funds and failure to give clients copies of a closing statement as required by the rules of this court (Charge No. 10).

Severally, these charges would constitute professional misconduct. In their cumulative effect, they represent a pattern of misconduct which calls for severe discipline. Respondent's disingenuous attempt to avoid responsibility by claiming that the firm of Fata & Fata was not a partnership but some sort of joint venture was ineffectual and properly rejected by the Referee. Respondent must share the burden of responsibility for the acts of his partner even though he claims he had no actual knowledge of some of the acts. (See *Matter of Gladstone,* 16 A D 2d 512, 516, mot. for lv. to app. den. 12 N Y 2d 644; *Matter of Shields,* 16 A D 2d 50, 51–52, mot. for lv. to app. den. 11 N Y 2d 648; *Matter of Weitz,* 11 A D 2d 76, 77, affd. 9 N Y 2d 735.) In a firm handling the number of negligence cases that Fata & Fata did, respondent was under a duty to know what was going on; and the Referee found that respondent's claim of ignorance was incredible. Respondent's rejected explanation and his attempt to prove there was no partnership merely exacerbated the gravity of the findings on the charges.

Charges 1, 2 and 3, which are interrelated, are concerned with solicitation and false information as to the referrer of a client to an attorney. As to Charge No. 1, the evidence established that the firm of Fata & Fata hired one Zaccardo, a layman, to solicit retainers to prosecute personal injury claims, that Zaccardo was set up in business as a tow-trucker by the firm of

attorneys, and that Zaccardo did solicit numerous retainers for the firm, for which he was paid. The Referee properly found that it was hardly likely that Zaccardo could have operated so extensively as a runner for the firm without respondent's having acquired knowledge of the nefarious operation. Under Charge No. 2 it was established that there was solicitation by others for the firm. The giving of false information as to the referrer of the client as alleged and proven under Charge No. 3, tends to establish an attempt to conceal the wrongful solicitation. The practices proven under Charges 1, 2 and 3 have been stamped as serious professional misconduct. (*Matter of Feldman,* 17 A D 2d 553; *Matter of Shufer,* 12 A D 2d 208, mot. to dismiss app. granted 9 N Y 2d 759, mot. for lv. to app. den. 9 N Y 2d 611, mot. to reargue den. 9 N Y 2d 823, 827.)

We have considered respondent's comparative youth, his excellent character references and all the other mitigating circumstances urged by respondent. Nevertheless, the findings of wholesale infractions in the conduct of negligence claims, practically at the threshold of respondent's career at the Bar, do not bode well for respondent's future usefulness in the profession. The record here demonstrates respondent's unfitness to remain in practice as an attorney. Respondent should be disbarred.

BOTEIN, P. J., BREITEL, VALENTE, McNALLY and EAGER, JJ., concur.

Respondent disbarred effective January 3, 1965.