In the Matter of MICHAEL B. POLLACK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 10, 1989

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Herald Price Fahringer* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Michael B. Pollack was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division, Second Judicial Department, on October 23, 1974. At all times hereinafter mentioned, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged with violations of Code of Professional Responsibility DR 1-102 (A) (6); DR 9-102 (A) and 22 NYCRR 603.15 (a) in failing to adequately supervise Elliott H. Pollack with respect to the deposit and handling of funds received on behalf of the Estate of Anna Levine (Estate), failing to preserve the identity of his clients' funds and failing to have his clients' funds deposited into an escrow account in his name or into an estate account. Respondent was also charged with neglect and failing to conclude diligently the administration of the Estate, in violation of DR 6-101 (A) (3).

After a hearing, pursuant to 22 NYCRR 603.4 (b) and the Departmental Disciplinary Committee rules (22 NYCRR 605.11-605.15), a Hearing Panel sustained all charges with respect to respondent.

The Hearing Panel found that respondent represented the Estate of Anna Levine in a probate proceeding in Surrogate's Court, Kings County. Respondent was the attorney of record and Elliott H. Pollack, Michael B. Pollack's associate and brother, handled the matter on respondent's behalf. The assets of the Estate consisted solely of the proceeds, which totaled $24,065 from the sale of a house located in Brooklyn.

The Hearing Panel found that, in March of 1981, Elliott H. Pollack deposited the proceeds of the sale into a nonescrow passbook-savings account at the United Mutual Savings Bank. This account contained both office and client funds. Shortly after the deposit of the sale proceeds, the balance in the account dropped below $24,065 and, by March 31, 1982, the balance had fallen to $3,210.73. Elliott H. Pollack admitted that except for $2,000, the money in the account was disbursed for personal and business expenses unrelated to the Estate.

The Panel found that respondent Michael B. Pollack's failure to ascertain the fate of the Estate funds, his failure during

the period 1981-1984 to examine even one document pertaining to the United Mutual account, which was the sole account used by him to deposit the funds of clients, and the fact that the funds were improperly withdrawn during 1981 and early 1982, established respondent's failure to maintain the idenity of his client's funds.

Although the sale proceeds were deposited in March 1981, the beneficiaries of the Estate were not paid by the respondent until 1984, only after some pressure by counsel retained by one of the beneficiaries. The Panel concluded that Michael B. Pollack failed to maintain the Estate funds in an escrow, attorney's, fiduciary, estate or special account, or in any other proper or identifiable account, in violation of Code of Professional Responsibility DR 1-102 (A) (6); DR 9-102 (A) and 22 NYCRR 603.15 (a). Moreover, the Panel concluded that Michael B. Pollack's failure to adequately supervise Elliott H. Pollack with respect to the administration of the Estate and handling of its funds violated DR 1-102 (A) (6) and DR 6-101 (A) (3). Finally, the Panel concluded that respondent neglected a matter entrusted to him by failing diligently to wind up the administration of the Estate, in violation of DR 6-101 (A) (3). It recommended that respondent Michael B. Pollack be censured.

A review of the testimony presented at the hearing, as well as the papers submitted in reply to petitioner's present application, demonstrates that there is sufficient evidence to support the Panel's conclusion that respondent failed to supervise Elliott H. Pollack, neglected the Levine matter and failed to maintain the identity of his client's funds, in violation of DR 9-102 (A); DR 6-101 (A) (3) and DR 1-102 (A) (6).

The record indicates that United Mutual M20099 was not in any way identified by Michael B. Pollack as a "special", "client" or "trust" account, and during a portion of 1980-1984, the account was not even under his name as the attorney of record for the Estate, but rather was under the name of Elliott H. Pollack, who, on occasion, placed personal funds in the account. The lack of record keeping indicated that the Levine funds were not maintained in any identifiable way.

While respondent also claims that he was not aware of Elliott's withdrawal of the funds and had no reason to believe that said funds were withdrawn, the evidence before the Hearing Panel showed respondent failed to even inquire of Elliott H. Pollack about the assets of the Levine Estate.

Respondent's total indifference to the funds was further evidenced by his failure from 1981 to 1984 to examine the passbook or even examine one bank statement. During the relevant time, respondent became aware that only one of his several office accounts was still under his name. Nevertheless, he failed to ascertain what had become of his sole "client" account under United Mutual M20099.

This court has previously noted that "[r]espondent must share the burden of responsibility for the acts of his partner even though he claims he had no actual knowledge of some of the acts * * * respondent was under a duty to know what was going on" (Matter of Fata, 22 AD2d 116, 117, lv denied 15 NY2d 487, cert denied sub nom. Fata v Co-ordinating Comm. on Discipline, 382 US 917).

Finally, respondent's inexperience in estate matters is not relevant to mitigate his conduct. There was no proof submitted that respondent attempted to compensate in any way for lack of experience. He made no effort to educate himself on estate matters, or consult with knowledgeable counsel, from 1976 to 1984. If respondent was not able to perform the service for the Estate, he should not have undertaken the obligation unless he was willing, at least, to educate himself (see, Degen v Steinbrink, 202 App Div 477, affd 236 NY 669).

Accordingly, the motion by petitioner Departmental Disciplinary Committee for an order confirming the findings of fact and conclusions of law of the Hearing Panel, with its recommendation of censure, should be granted, and respondent censured.

CARRO, J. P., ASCH, KASSAL, WALLACH and SMITH, JJ., concur.

Respondent is censured.