In the Matter of RICHARD H. SCHECK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 1991

## APPEARANCES OF COUNSEL

*Gary L. Casella (Maryann Yanarella* of counsel), for petitioner.

*Richard H. Scheck,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained the four

charges of professional misconduct alleged against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent submits an affirmation in response thereto.

Charge One alleged that the respondent aided a nonattorney in the unauthorized practice of law and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 3-101 (A) and 1-102 (A) (4) of the Code of Professional Responsibility [1990]. The respondent was associated with a collection agency where, among other things, he allowed the agency to use his name, letterhead and signature without actually reviewing letters sent out under his name. More than 100,000 letters were sent out by the collection agency and all employees handling this mail and the responses thereto, as well as the telephone calls generated, were employees of the collection agency and were not supervised by the respondent.

Charge Two alleged that the respondent permitted a person who recommends, employs or pays him to render legal services for another, to direct or regulate his professional judgment in rendering legal services in violation of DR 5-107 (B) of the Code of Professional Responsibility [1990]. The retainer agreement dated June 19, 1984, between the collection agency and the respondent, authorized the collection agency to deposit all checks payable to the respondent into the collection agency's own account. The result of this was that the respondent had no input into the collection agency's operation but was merely paid for the use of his name as an attorney.

Charge Three alleged that the respondent engaged in conduct which adversely reflected on his fitness to practice law in violation of DR 1-102 (7) of the Code of Professional Responsibility [1990]. The respondent allowed the collection agency and its employees to act in his name without exercising direction or control of the actions taken in his name. He also failed to supervise the employees of the collection agency when they acted in his name, resulting in at least one employee of the agency violating the Federal Fair Debt Collection Practices Act (15 USC § 1692 *et seq.)* when the employee identified himself as an attorney, engaged in harassing phone calls to debtors, called debtors at unusual times, and communicated with a third party without consent.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in

violation of DR 1-102 (A) (4) of the Code of Professional Responsibility [1990]. The collection form letters sent by the collection agency bearing respondent's name were misleading in that they suggested that sufficient steps would be taken to collect the debt and perfect the creditor's claim when, in truth, after a series of collection letters were sent to the debtor and the debt remained unpaid, the creditor was informed that the debt was uncollectable and no lawsuit was ever commenced.

In sustaining the four charges, the Special Referee noted the respondent's cooperation throughout these proceedings, the fact that the respondent had the disadvantage of inheriting the procedure from a predecessor attorney who had died, the fact that the respondent resigned from this collection agency in May 1990 and at no time was paid more than $16,000 per year for his legal services.

We are in full agreement with the report of the Special Referee sustaining the four charges of professional misconduct. In determining an appropriate measure of discipline to impose, we have taken into consideration the cooperation of the respondent throughout these proceedings and his otherwise exemplary record. Accordingly, the respondent is suspended from the practice of law for a period of one year commencing October 21, 1991, and until further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Richard H. Scheck is suspended from the practice of law for a period of one year, commencing October 21, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of one year upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court,

the respondent Richard H. Scheck is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.