[634 NYS2d 704]

In the Matter of SHIRLEY F. GAJEWSKI (Admitted as SHIRLEY FEBBELL GAJEWSKI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 14, 1995

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrew G. Maloney* for respondent.

### OPINION OF THE COURT

Per Curiam.

The hearing in this matter concerned seven charges arising

out of respondent's involvement in three separate matters.[1] Based on the evidence educed on eight hearing dates, commencing on May 9, 1994 and ending on January 9, 1995, the Hearing Panel fully sustained Charges One, Six and Seven, and partially sustained Charge Five. Petitioner Departmental Disciplinary Committee (the Committee) now moves to confirm the Report and Recommendations of its Hearing Panel. Respondent does not dispute the findings of professional misconduct, focusing her objections instead on the proposed sanction, a one-year suspension from the practice of law. However, upon a review of the record, we are unpersuaded that the Committee's recommendation is unduly harsh and we grant the petition in its entirety.

The Cooke Matter

In April 1986, Ms. Janie Cooke retained respondent on a contingent fee basis to protect her interests in her family home which had been owned by her mother at her death and was occupied by Cooke's brother. It appeared that Ms. Cooke's brother had conveyed the entire property to Home Lawn Equities, purporting to act as the only child and sole heir of his mother. Respondent sued Home Lawn on behalf of Ms. Cooke.

Respondent conducted no discovery but placed the matter on the trial calendar in March 1987. She then defaulted in appearing at two pretrial conferences and on her own motion to restore the case to the calendar. A second motion to restore was granted and respondent was sanctioned $500. An additional two and a half years passed with respondent doing nothing on the case, despite her being served with a demand to resume prosecution. Respondent's third motion to restore the case was conditionally granted, but respondent then failed to provide the required proof of compliance with the previously imposed monetary sanction. Six months later the case was dismissed on defendant's motion, upon respondent's default. Ultimately, respondent succeeded in restoring the case by motion and, on March 1, 1991, appeared and entered into settlement discussions.

Pursuant to the settlement agreement, when, as it turned out, the property could not be sold, the parties were to share equally in the expenses and income of this income-producing property. Nevertheless, respondent took no action to settle a

---

1. Respondent, Shirley F. Gajewski, was admitted to the practice of law in the State of New York by the First Judicial Department on July 18, 1983 under the name Shirley Febbell Gajewski.

judgment to this effect, nor has she taken action to obtain an accounting of the rents paid to Home Lawn.

Respondent attributed her failures to an unfamiliarity with Supreme Court practice. Based on the evidence establishing respondent's pattern of inaction, the Hearing Panel sustained Charge One, which charged respondent with neglect of a legal matter, in violation of Code of Professional Responsibility DR 6-101 (A) (3).[2]

## The Jovic Matter

From 1983 to the time of the hearings on these charges, respondent allowed Jovic Systems Corporation, a collection agency, to affix her name to affirmations in court papers which a lawyer was required to sign, without herself signing. She testified that she did not review the legal work done by the agency, including the court-filed papers. Respondent seemed to believe that, if the work was done at the collection agency by a lawyer, it was proper for her to allow her name to be used. One person signing respondent's name turned out to be a disbarred lawyer. According to respondent, she was unaware of this individual's disciplinary history and disbarment. Respondent did not attempt to conceal her conduct.

Although the Hearing Panel did not sustain the charge that respondent knowingly engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4), it found that by allowing others to sign her name to court-filed documents respondent engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (Charge Five).

## The Valerio Matter

Respondent was retained by Pedro Valerio to sue for damages arising out of a 1985 automobile accident. She commenced suit in September 1987 and served a bill of particulars, but failed to conduct discovery or place the case on the calendar. In November 1989, the defendant moved to dismiss the case on the ground that a duplicate suit had been filed in another county by other counsel, allegedly retained by respondent's client without respondent's knowledge. Respondent defaulted on the motion to dismiss and it was granted. More than one year

---

2. Charges Two through Four also arise out of the Cooke matter, but inasmuch as the Hearing Panel did not sustain them we need not detail all the evidence educed in support of them. We note, however, that, among other things, the record raises concerns about respondent's appreciation of her responsibilities vis-à-vis her client in settlement negotiations and the use of her notary power.

later, respondent brought an order to show cause to vacate the dismissal, but the motion was denied because no reasonable excuse had been given and no affidavit of merit accompanied the motion. Respondent explained that she did not offer an affidavit of merit in support of the motion to vacate because she could not locate her client, who was the only person able to say who was representing him.

As a result of respondent's actions she was charged with neglect of a legal matter, in violation of DR 6-101 (A) (3) (Charge Six) and engaging in conduct that adversely reflects on her fitness to practice law, in violation of DR 1-102 (A) (6) (now [8]). Based upon the evidence presented the Hearing Panel sustained both charges.

Turning to the matter of the proposed sanction we note that the Hearing Panel was cognizant of the fact that respondent has not previously been disciplined. It also obviously considered the favorable testimony of several lawyers and Judges familiar with respondent's extensive experience as a practitioner in the Family Court. At the conclusion of the hearing on October 3, 1994, the Hearing Panel undertook an experiment, with respondent's consent, designed to provide her with remedial training in handling non-Family Court matters. Although respondent endeavored to comply with the portions of the continuing legal education program that called for her to attend certain classes, she failed to carry out other significant obligations, e.g., accounting to Committee staff on her progress during this period, and withdrawing from Supreme Court cases as agreed.

When it became clear that respondent was not complying with the reporting and substitution of counsel provisions of the mutually agreed-upon continuing legal education program, the decision to terminate the remedial efforts and to appraise sanctions in accordance with traditional precedents was justified. In light of its findings about respondent's conduct in the matters charged, the Hearing Panel has recommended a one-year suspension from the practice of law.

We note at the outset that a review of the evidence presented indicates that there is ample support for the Hearing Panel's findings that respondent neglected the Cooke and Valerio matters, engaged in conduct prejudicial to the administration of justice by allowing a disbarred attorney to sign her name to court papers, and engaged in conduct which adversely reflects on her fitness to practice law. Respondent's claim that the recommended sanction is unduly harsh lacks merit. Rather, respondent's allowing a disbarred attorney to sign her name

on court papers, without reviewing them, together with her persistent pattern of neglect of two civil matters, resulting in one client forfeiting his cause of action, as it is now barred by the Statute of Limitations, requires nothing less than a suspension from practice. This is not a simple or isolated case of neglect of a matter where a public censure might be a sufficient incentive for respondent to reform her dilatory practices.

This Court has consistently viewed the submission of forged documents in court proceedings as a very serious matter. This is so even when the forged document's content is not in dispute, or when the forgery is deemed "nonvenal" or consensual. *(See, Matter of Glotzer*, 191 AD2d 112 [false signature of client on an undisputed settlement stipulation, filed with the court; false statement to the Committee; six-month suspension]; *Matter of Halper*, 141 AD2d 201 [forged Judge's signature without venal intent; one-year suspension]; *Matter of Nash*, 166 AD2d 84 [false notarizations of client affidavits establishing venue, filed with court; one-year suspension].) In *Matter of Scheck* (171 AD2d 33), an attorney was suspended for one year by the Appellate Division, Second Department, for conduct not unlike that of respondent here in the *Jovic* matter.

Particularly disturbing is that respondent failed to avail herself of an opportunity to avoid suspension through a remedial program tailored to address respondent's deficiencies. Her failure to comply with all of the Hearing Panel's directives further exhibits what is already an evident inability to attend to her professional duties. Thus, the recommendation that respondent be suspended from the practice of law for a period of one year is neither unfair nor unduly harsh.

Accordingly, the Disciplinary Committee's petition for an order suspending respondent from the practice of law for a period of one year is granted.

ROSENBERGER, J. P., WALLACH, ASCH, TOM and MAZZARELLI, JJ., concur.

Petition granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent suspended from the practice of law for a period of one year, effective as of January 16, 1996, and until the further order of this Court.