[634 NYS2d 707]

In the Matter of MICHAEL B. POLLACK, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 14, 1995

#### APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael B. Pollack,* respondent *pro se.*

#### OPINION OF THE COURT

Per Curiam.

Respondent, Michael B. Pollack, was admitted to the practice of law in New York by the Second Judicial Department on

October 23, 1974. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On January 10, 1989, respondent was publicly censured by this Court for his failure to maintain estate funds in an escrow account, in violation of Code of Professional Responsibility DR 1-102 (A) (6) (now [8]), DR 9-102 (A) and 22 NYCRR 603.15 (a) (now DR 9-102 [A]); his failure to adequately supervise his associate and brother with regard to the estate's funds, in violation of DR 1-102 (A) (6) (now [8]) and DR 6-101 (A) (3); and, his neglect of a matter entrusted to him by his failure to diligently wind up the administration of the estate, in violation of DR 6-101 (A) (3) (*Matter of Pollack*, 142 AD2d 386).

On December 19, 1994, the Committee served a copy of a notice and statement of charges on respondent with respect to six matters. The charges alleged, *inter alia*, that respondent converted client funds, disregarded court orders, court directives and established rules of procedure, engaged in conduct prejudicial to the administration of justice, borrowed money from a client, engaged in a conflict of interest, failed to satisfy four outstanding judgments, failed to repay an outstanding loan from a client, engaged in discourteous conduct against an adversary and filed suits merely to harass another. Respondent filed an answer denying these charges. A hearing based on the aforementioned charges commenced before a Hearing Panel of the Committee on February 24, 1995 and is currently pending.

After a second jury trial, respondent was convicted in the United States District Court, District of New Jersey, of the charges of conspiracy (count 1), in violation of 18 USC § 371, and accessory after the fact (count 3), in violation of 18 USC § 3. These offenses are felonies under the United States Code. By a judgment of the District Court, dated October 25, 1995, and entered October 27, 1995, respondent was sentenced, *inter alia*, to two terms of 10 months on each count to be served concurrently together with a fine of $10,000.

The Departmental Disciplinary Committee moves for an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); directing respondent to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recom-

mendation to the Court, why a final order of censure, suspension or disbarment should not be made; and directing that the "serious crime" proceeding be consolidated with the proceeding currently in progress before a Hearing Panel of the Committee.

The crimes of which respondent was convicted are serious crimes within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Judiciary Law § 90 (4) (d) defines "serious crime" in pertinent part as follows: "any criminal offense denominated a felony under the laws of * * * the United States which does not constitute a felony under the laws of this state".

Rules of this Court (22 NYCRR) § 603.12 (b) states in pertinent part as follows: "The term 'serious crime' shall include any felony, not resulting in automatic disbarment under the provisions of subdivision 4 of section 90 of the Judiciary Law."

The crimes of which respondent has been convicted, conspiracy, in violation of 18 USC § 371, and accessory after the fact, in violation of 18 USC § 3, are "serious crimes" insofar as they are felonies under the United States Code.

The pendency of respondent's motion for dismissal of the indictment in the District Court does not constitute a proper basis for deferring this proceeding. "The pendency of an appeal shall not be grounds for delaying any action" (22 NYCRR 603.12 [e]; *see also, Matter of Mitchell*, 40 NY2d 153, 157). Furthermore, Judiciary Law § 90 (5) (a) provides that a disciplinary sanction may be revoked if a conviction is reversed.

For the same reasons, the pendency of respondent's motion in the District Court presents no bar to his immediate suspension from the practice of law pending final disciplinary action. Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued. In addition, the imposition of an interim suspension is consistent with this Court's general policy that a convicted felon not be permitted to continue to practice law during the course of the disciplinary proceeding (see, *Matter of Martin*, 160 AD2d 132; *Matter of Winograd*, 148 AD2d 214). Respondent's suspension, at this time, is also warranted because of his prior disciplinary history and the currently pending additional charges.

Finally, while there are no court rules directly addressed to the issue of consolidation of disciplinary proceedings, such consolidation is clearly authorized under the principles set

forth in CPLR 602 (a). CPLR 602 (a) provides for the consolidation of two or more actions where "common question[s] of law or fact" are involved "to avoid unnecessary costs or delay." Therefore, in the interests of judicial economy and because it is appropriate for the Hearing Panel to have a complete picture of respondent's behavior before making a recommendation as to sanction, consolidation is not only warranted but necessary, under the circumstances.

Accordingly, the Departmental Disciplinary Committee's petition seeking to have the offenses of which respondent has been found guilty be deemed a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b) is granted; respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); respondent is directed to show cause before the Committee pursuant to Judiciary Law § 90 (4) (g), which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made; and the "serious crime" proceeding shall be consolidated with the proceeding currently in progress before a Hearing Panel of the Committee.

ROSENBERGER, J. P., ELLERIN, WALLACH, ASCH and TOM, JJ., concur.

Petition granted, the crime of which respondent has been convicted deemed a serious crime, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court, as indicated.