[636 NYS2d 54]

In the Matter of SEANNE W. McGUINNESS (Admitted as SEAN W. McGINNIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 4, 1996

## APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent Seanne McGuinness was admitted to the practice of law in the State of New York by the First Judicial

Department on July 17, 1989, under the name Sean W. McGinnis. On December 13, 1993, respondent changed his name to Seanne McGuinness. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order confirming the findings of the Hearing Panel and the recommended sanction of suspension for a period of five years from practice in New York upon the ground that the respondent is guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) (22 NYCRR 1200.3); DR 2-101 (A) (22 NYCRR 1200.6); and DR 7-102 (A) (7) (22 NYCRR 1200.33), pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2) and the doctrine of collateral estoppel.

By order entered March 31, 1995, this Court previously granted the Committee's petition, finding the respondent guilty of engaging in a pattern of fraudulent, deceptive, and illegal acts and practices, including the marketing and sale of living trust forms and related documents, misrepresenting the advantages of using a living trust, misrepresenting his experience and credentials, and misrepresenting the legal and financial services available to purchasers of living trusts, pursuant to the doctrine of collateral estoppel based upon the findings of the Supreme Court, Westchester County, in *People v Whaler's Fin. Servs. Corp.* This Court ordered that the matter be referred to the Committee for a hearing solely to consider an appropriate sanction.

In accordance with this Court's order, hearings were held April 26, 1995 and May 10, 1995. The Panel considered that the respondent's misconduct was based upon his involvement in a fraudulent scheme and practice in the door-to-door marketing of living trust packages to unwitting, mostly elderly consumers. An investigator from the Attorney-General's office testified that the respondent had not cooperated with the office's attempts to satisfy the money judgments which had been assessed against him, or to otherwise make restitution toward those he had defrauded.

The respondent offered no witnesses on the issue of mitigation, but instead testified that he had no money with which to pay the judgments entered against him. His testimony was contradicted by other evidence presented to the Panel. The re-

spondent also attempted to relitigate his guilt on the underlying charges, during the course of which the Panel found him to have made several false statements, including misrepresentations of his experience and academic qualifications.

Given the serious nature of the respondent's fraudulent misconduct, combined with his failure to satisfy the Westchester County Supreme Court's judgment entered against him, his lack of remorse, and his lack of candor when testifying before the Hearing Panel, it can be concluded that a suspension from the practice of law for a period of five years, as recommended by the Hearing Panel, is justified under the circumstances of this case (*compare, Matter of Klein*, 183 AD2d 279 [two-year suspension of attorney whose misconduct was limited to practice before Patent and Trademark Office, not the public at large]; *Matter of Scheck*, 171 AD2d 33 [one-year suspension of attorney who allowed a collection agency to use his name and letterhead, without supervision, to send out misleading letters]).

Accordingly, the Committee's motion to confirm the Hearing Panel's report should be granted and the recommended sanction of a five-year suspension from the practice of law, until further order of this Court, should be imposed.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ROSS and WILLIAMS, JJ., concur.

Petition granted, the Hearing Panel's findings of fact, conclusions of law and recommendation as to sanction confirmed, and respondent suspended from the practice of law for a period of five years, effective February 5, 1996, and until the further order of this Court.