[647 NYS2d 766]

In the Matter of JOEL M. WACHS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 3, 1996

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*James Kaufman* of counsel *(Kaufman Goldstein & Gartner, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Joel M. Wachs was admitted to the practice of law in the State of New York by the First Judicial Department on January 29, 1973.

Petitioner Departmental Disciplinary Committee is seeking an order imposing a public censure upon respondent and

confirming the Hearing Panel's findings of facts and conclusions of law indicating that respondent neglected three legal matters entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3), and engaged in conduct which adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]).

In support of its petition, petitioner has shown that respondent was retained on October 24, 1992 by Linda Andre to enforce a money judgment of $13,780 in back support payments against Robert Warren, the father of her child, as ordered by the Family Court. Ms. Andre told respondent that Mr. Warren had transferred his interest in a partnership which owned an apartment in order to make himself judgment proof and that the apartment was already on the market, and asked him to have the transfer set aside and the sale of the apartment restrained. Although respondent prepared an order to show cause, he did not arrange to have it signed by the court or purchase an index number. Moreover, although he told Ms. Andre that he would serve the order to show cause upon Mr. Warren along with other papers, he did not serve the order to show cause and did not inform Ms. Andre that he had failed to do so. In November 1992, respondent withdrew from representing Ms. Andre. Later, she discovered that, unbeknownst to either of them, the apartment had already been sold at the time of his withdrawal.

The Hearing Panel concluded, based upon this evidence, that respondent had neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3).

Petitioner also presented evidence concerning respondent's representation of Susan Mitzner, who retained respondent on November 29, 1992 to defend her in a petition for nonpayment of rent. Respondent moved on his client's behalf to have the petition dismissed. Although respondent may have reasonably expected to be notified of the dismissal of the motion to dismiss, the fact that he was not so notified did not excuse his repeated failure to check on the status of the matter from January through mid-April 1993, during which time his client asked him several times about the status of the case. Moreover, when respondent learned, in April of 1993, that an eviction notice was being issued, he informed his client that the notice had no effect, since she had already vacated, and failed to take any action to determine the nature or effect of the judgment upon

which the notice was predicated. In May, respondent's client learned that her bank account had been frozen and informed respondent. He failed to file an order to show cause to vacate the judgment at that time or when twice requested to do so by a second attorney who had been consulted by his client.

The Hearing Panel concluded, based upon this evidence, that respondent had neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3).

Petitioner also presented evidence concerning respondent's behavior regarding his assigned representation of Berris Asphill on an appeal from a criminal conviction. Petitioner showed that respondent repeatedly failed to respond to his client's letters, that he failed to send his client a copy of the brief filed on his behalf at the time it was filed, that he failed to inform his client that his conviction had been affirmed and of his right to seek further review and that, when his client requested information on the status of his appeal several months after the affirmance, respondent merely sent him a copy of the brief without informing him of the status of the case and, later, erroneously informed his client that he still had a right to seek permission to file a supplemental brief.

The Hearing Panel concluded, based upon this evidence, that respondent neglected a legal matter entrusted to him in violation of DR 6-101 (A) (3), and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4).

Finally, based upon the foregoing facts, the Panel concluded that respondent engaged in conduct which adversely reflects upon his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]).

The Panel also found that respondent has no prior disciplinary record, that he has expressed remorse, that he fully cooperated with the Committee, and noted that he presented six character witnesses who testified to his Bar Association and community activities and a number of published book reviews and articles which he authored. It also found that he had made strides toward reducing the number of matters that he handles and improving his office procedures.

Although the charges against respondent are clearly of a serious nature, in light of these factors in mitigation, we agree with the Panel that a suspension is not warranted in this matter and that the appropriate sanction is a public censure (*see, Matter of Bryant*, 183 AD2d 147; *Matter of Kraft*, 148 AD2d 149).

Accordingly, the petition for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted and respondent should be publicly censured.

MILONAS, J. P., ELLERIN, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

Petition granted, and respondent publicly censured.