[653 NYS2d 572]

In the Matter of DAVID M. KREITZER (Admitted as DAVID MARK KREITZER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 18, 1997

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David M. Kreitzer was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on October 23, 1974, as David Mark Kreitzer. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges dated August 12, 1993, which alleged that he violated Code of Professional Responsibility DR 6-101 (A) (3) and DR 7-101 (A) (1) and (2) (22 NYCRR 1200.30, 1200.32), by neglecting three legal matters entrusted to him. Respondent served an answer on or about October 5, 1993, generally denying the charges, and a supplemental answer on November 29, 1993, in which he asserted two affirmative defenses challenging the sufficiency and consistency of some of the charges. Hearings were held on these charges in December 1993 and May 1994.

With permission of the Hearing Panel, respondent was served with a notice and statement of amended charges on February 21, 1995, alleging the neglect of eight additional personal injury cases, and misrepresentations to clients in violation of DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3) and DR 6-101 (A) (3). Respondent served an answer to the amended charges on or about March 16, 1995, admitting most of the factual allegations, but denying the conclusions of misconduct. His answer to the amended charges included additional affirmative defenses, which alleged that some of the amended charges were untimely, or duplicative of other charges. Hearings were held on the amended charges on May 17, 1995 and June 28, 1995.

With permission of the Hearing Panel, the Committee again sought to amend the charges to include allegations of neglect in five more personal injury cases. A second notice of amended charges was served on respondent on or about November 21, 1995. Respondent served an answer to the second amended charges on December 11, 1995, again admitting many of the factual allegations, but claiming that any neglect was attributable to his subordinates for which he was not liable. A hearing was held with respect to the second amended charges on May 8, 1996, at which the amended charges and second amended charges were further amended to include five instances of failing to adequately supervise an employee in violation of DR 1-104 (A) (2) (22 NYCRR 1200.5). Ultimately, 26 charges were brought against respondent, involving 13 different clients. The Hearing Panel sustained 13 of the charges, relating to 11 of the clients. All of the sustained charges, except one, were for the neglect of a legal matter, and the other related to misrepresentation to a client concerning the status of her case.

The testimony before the Hearing Panel, as well as respondent's own submissions, establish a clear and unmistakable pattern of serious neglect of his professional responsibilities. For example, the Panel sustained Charge Four pertaining to his representation of the client Del Valle in a personal injury case, due to the fact that, although commencing the action and serving a bill of particulars in 1984, he otherwise failed to pursue the action further, despite Del Valle's numerous phone calls to his office. Similarly, in his representation of another client, Veguilla, in two separate matters, respondent served bills of particulars five and four years, respectively, after the demands for them were made.

The Panel further found that respondent's insensitivities to the needs of his clients were most clearly reflected in his inattention to two personal injury cases involving infant plaintiffs. With respect to his client Richardson, respondent did not commence an action until three years after the plaintiff and her daughter were injured in a fire, and a bill of particulars was not served until approximately four years later. Respondent also failed to convey a settlement offer to the plaintiff until a year after it was made, and did not prepare an infant compromise order until April 1995, nearly two years after the offer was made.

Similar delays occurred during respondent's representation of his client Stroman, where it took him two years after the incident to commence an action for personal injuries on behalf of Stroman and her infant daughter, and two more years for respondent to submit an infant compromise order.

Additionally, respondent's lackadaisical approach to his duties resulted in actual prejudice to his clients' rights on at least two occasions. Respondent failed to commence actions on behalf of his clients De La Hoz and Gibson within the applicable Statute of Limitations period, in the latter case blaming the negligence on his office staff, resulting in the extinguishment of both claims.

Further, even in an instance where the Panel accepted respondent's excuse for the dismissal of another claim, it still found him guilty of other misconduct, to wit, intentionally misrepresenting to his client Levit that the case was progressing, *two years after* it had been dismissed. These examples are merely illustrative, yet are representative of the respondent's conduct in the other matters for which the Panel sustained neglect charges.

As to the sanction, Committee Counsel recommended a suspension of three years, while respondent argued for a six-

month suspension. In mitigation, respondent offered medical testimony concerning his treatment for Hodgkin's lymphoma and esophagus cancer, both now in remission, as well as respondent's assistance to his physician by sharing his experiences with other cancer patients. As evidence in aggravation, Committee Counsel offered four previous admonitions issued to respondent, one of which involved the subject matter of one of the instant charges. The Hearing Panel recommended a one-year suspension.

The Departmental Disciplinary Committee now moves, and respondent cross-moves, to confirm the Panel's findings of fact and conclusions of law, except that the Committee moves to disaffirm the Panel's failure to sustain the Eleventh, Nineteenth and Twenty-sixth Charges, alleging that respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (6) (now [8]). Regarding the sanction, respondent moves to confirm the Hearing Panel's recommendation of a one-year suspension, to begin no later than 30 days after this Court's order, while the Committee requests a suspension of no less than one year.

As is clear from the above, there is ample evidence to support the Panel's findings that respondent neglected 12 matters entrusted to him, as several of the matters lay dormant for periods approaching 10 years (*see, Matter of Collins*, 225 AD2d 181). In light of this pattern of chronic neglect of his professional responsibilities, respondent's attempts in some instances to lay blame upon associates and nonlegal employees of his office are unavailing (*see, Matter of Pollack*, 142 AD2d 386; *Matter of Fata*, 22 AD2d 116).

The Panel dismissed Charge Nineteen, which alleged that respondent's conduct underlying Charges One through Eighteen constituted conduct that adversely reflected on his fitness to practice law under DR 1-102 (A) (6) (now [8]), and Charge Twenty-six, alleging the same with respect to the conduct underlying Charges Twenty through Twenty-five. The dismissals were based on the theory that DR 1-102 (A) (6) (now [8]) applies only to acts which are intentional, willful and venal in nature. However, we find that the inexcusable pattern of neglect, upon which the Nineteenth and Twenty-sixth Charges were based, is sufficient to demonstrate a violation of DR 1-102 (A) (6) (now [8]) (*see, Matter of Wachs*, 225 AD2d 23; *Matter of Gajewski*, 217 AD2d 90; *Matter of Siegel*, 193 AD2d 181).

The Eleventh Charge was also improperly dismissed on this ground, as it was premised on the allegations of intentional

misrepresentation in the Tenth Charge, and therefore did not lack proof of venal intent, even if such intent was required. We also find that the Panel's dismissal of the Twentieth Charge is inconsistent with its factual findings of neglect, and therefore sustain that charge as well.

Although we have considered the mitigating factors raised by respondent, we believe that a more severe sanction than the one year recommended by the Departmental Disciplinary Committee is warranted. Given the fact that respondent has received four prior admonitions, made misrepresentations to at least one client, and prejudiced some of his clients' rights by his neglect, a three-year suspension is the appropriate sanction (see, *Matter of Fanta*, 225 AD2d 69; *Matter of Siegel*, *supra*).

Accordingly, the petition and cross motion to confirm the Hearing Panel's findings and conclusions are granted, except that the findings on Charges Eleven, Nineteen, Twenty and Twenty-six are disaffirmed and those charges are sustained, and the Panel's recommendation of a one-year suspension is also disaffirmed, and respondent is suspended for a period of three years, effective as of March 20, 1997, and until the further order of this Court.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, RUBIN and MAZZA-RELLI, JJ., concur.

Petition and cross motion are granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, except that the findings on Charges Eleven, Nineteen, Twenty and Twenty-six are disaffirmed and those charges are sustained, and the Hearing Panel's recommendation is also disaffirmed, and respondent is suspended for a period of three years, effective as of March 20, 1997, and until the further order of this Court.