[664 NYS2d 772]

In the Matter of MICHAEL B. POLLACK, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 1997

APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Michael B. Pollack was admitted to the practice of law in New York by the Second Judicial Department on October 23, 1974, and at all times relevant herein has maintained an office for the practice of law in the First Judicial Department.

Respondent previously had been publicly censured by this Court (*Matter of Pollack*, 142 AD2d 386) for violations arising from his failure to maintain estate funds in an escrow account (Code of Professional Responsibility DR 1-102 [A] [6] [now (8)]; DR 9-102 [A]; 22 NYCRR 603.15 [a] [now DR 9-102 (A)]); his failure to adequately supervise an associate—his brother— regarding estate funds (DR 1-102 [A] [6] [now (8)]; DR 6-101 [A] [3]); and neglect of a matter entrusted to respondent in connection with his failure to diligently wind up the administration of an estate (DR 6-101 [A] [3]).

The present matter arises from two consolidated proceedings: a "serious crime" proceeding, and a proceeding resulting from respondent's misconduct with respect to several client matters as well as regarding his personal affairs.

Respondent was convicted in the United States District Court, District of New Jersey, in 1995, of conspiracy (18 USC § 371) and accessory after the fact (18 USC § 3) in connection with his advice to a client and another coconspirator regarding income tax evasion. By order entered December 14, 1995, we granted the petition of the Departmental Disciplinary Committee determining that the substantive act underlying the

Federal conviction was a serious crime under Judiciary Law § 90 (4) (d), and we suspended respondent from the practice of law (Judiciary Law § 90 [4] [f]) pending a final order (217 AD2d 265).

The client matters and misconduct in respondent's personal affairs consist of 31 charges. Although Charges One, Two, Eleven, Fourteen, Nineteen, Twenty-one, Twenty-four, Twenty-five, Twenty-eight, Twenty-nine and Thirty-one were dismissed by the Hearing Panel, the remaining charges were sustained.

Charges One through Twelve arise from respondent's representation of Fred Simon and Beth Diamond in civil litigation in Federal court. Respondent failed on numerous occasions to produce his clients for depositions, in violation of court directives; failed to timely communicate with the court as well as opposing counsel in this connection; ignored court directives to submit opposition papers; eventually submitted an answer which he failed to sign; and by this conduct was responsible for the imposition of sanctions and attorneys' fees upon his clients, who were found liable in that action for recovery on a loan. Respondent was sanctioned and a judgment was entered against him for $6,334.02, which he failed to satisfy. Subsequently, opposing counsel served him with a restraining notice and information subpoena, to which respondent, having secured an extension of time, nevertheless failed to respond. Consequently, plaintiff moved to hold respondent in contempt, but respondent evaded efforts to serve him. The Hearing Panel sustained charges that respondent had: intentionally violated an established rule of procedure (Charge Three: DR 7-106 [C] [7]); disregarded a court directive (Charge Four: DR 7-106 [A]); engaged in conduct prejudicial to the administration of justice (Charge Five: DR 1-102 [A] [5]); and engaged in conduct adversely reflecting on respondent's fitness to practice law (Charge Six: DR 1-102 [A] [7] [now (8)]). Respondent's subsequent failure to satisfy the judgment enforcing said sanctions was the basis for Charges Seven to Nine, alleging that he willfully failed to satisfy a judgment and thus engaged in conduct prejudicial to the administration of justice (Charge Seven: DR 1-102 [A] [5]); disregarded a court order (Charge Eight: DR 7-106 [A]); and engaged in conduct adversely reflecting on his fitness to practice law (Charge Nine: DR 1-102 [A] [7] [now (8)]). Respondent's evasions in connection with plaintiff's subpoenas and the contempt motion were the basis for Charges Ten and Twelve, charging him with having engaged in conduct prejudicial to the administration of justice (Charge Ten: DR 1-102 [A]

[5]); and adversely reflecting on his fitness to practice law (Charge Twelve: DR 1-102 [A] [7] [now (8)]).

Charges Thirteen through Fifteen arise from respondent's refusal to compensate Designer Fore Ltd., an interior designing firm, which he had hired for personal work in his law office and the subsequent judgment for $6,127.21, entered against him on default. Subsequent to entry of judgment, respondent evaded the attempts of the plaintiff's counsel to communicate with respondent, failed to attend scheduled depositions, misrepresented his intentions to satisfy the judgment, and subsequently failed to satisfy the judgment except to the extent of $1,460 which was obtained by plaintiff upon execution of a restraining order. The Hearing Panel sustained charges that respondent, by failing to satisfy the judgment, engaged in conduct prejudicial to the administration of justice (Charge Thirteen: DR 1-102 [A] [5]) which adversely reflected on his fitness to practice law (Charge Fifteen: DR 1-102 [A] [7] [now (8)]).

Charges Sixteen through Eighteen arise from respondent's obtaining by deceitful means a $10,000 check payable to him personally from a client, Didi Rosenthal, for ostensible payment, never made, to two private investigating firms. The conversion of these funds was the basis for a charge that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (Charge Sixteen: DR 1-102 [A] [4]). His solicitation of, and failure to repay, a personal loan of $10,000 from the same client, without disclosing the extent of his financial difficulties, was the basis for a charge that he entered into a business transaction with a client without fully disclosing the extent of his financial difficulties (Charge Seventeen: DR 5-104 [A]).

Charges Nineteen through Twenty-two pertain to respondent's failure to satisfy a judgment in the amount of $10,351.15 entered against him on default in favor of Dries Furniture Company, a moving company which he had retained for a client, but, despite representing that he had the client's funds and guaranteeing payment, he only made partial payment. The Hearing Panel found that respondent thereby engaged in conduct prejudicial to the administration of justice (Charge Twenty: DR 1-102 [A] [5]) adversely reflecting on his fitness to practice law (Charge Twenty-two: DR 1-102 [A] [7] [now (8)]).

Charges Twenty-three through Twenty-seven pertain to respondent's failure to satisfy a judgment in the amount of $147.34 entered against him on default in favor of Ruth Kohn, an interpreter hired by respondent, and his subsequent failure

to cooperate in the Committee's investigation. The Hearing Panel sustained a charge that respondent engaged in conduct prejudicial to the administration of justice arising out of his failure to satisfy the judgment (Charge Twenty-three: DR 1-102 [A] [5]), as well as his failure to cooperate in the investigation (Charge Twenty-six: DR 1-102 [A] [5]), and that such reflected adversely on his fitness to practice law (Charge Twenty-seven: DR 1-102 [A] [8]).

Charges Twenty-eight through Thirty-one pertain to respondent's litigation against Harold Reisner, from whom he had obtained, but failed to repay, a loan for $300,000. By characterizing opposing counsel as a "pimp" and stating a desire, thwarted only by age, to "beat the living daylights" out of counsel, respondent engaged in undignified conduct which was degrading to a tribunal (Charge Thirty: DR 7-106 [C] [6]).

The Hearing Panel found that respondent generally had given "incredible and inconsistent explanations for his conduct," including a misrepresentation while under oath that he had used a bank account—nonexistent—to satisfy Rosenthal's obligation to one of the investigative firms; that he had intentionally converted her funds; that respondent, despite claiming that he had lacked the financial resources to pay judgments, consistently failed to comply with subpoenas seeking disclosure of his financial records; that despite being advised that he was required to corroborate his claims of financial duress, respondent failed to submit any documentation in support, and that he had used the Reisner loan to pay a mortgage on Fire Island property. The Committee found it "clear that respondent tailored his testimony to give what he perceived to be helpful (although untrue) answers * * * giving false testimony is completely unacceptable and unworthy of a member of the bar." The Committee also noted respondent's consistent failure to comply with court orders and directives, as well as his failure to cooperate with the Committee's investigations. Although the Hearing Panel took into account several character witnesses, it concluded that this evidence insufficiently mitigated respondent's misconduct, especially in view of his past disciplinary history. In the latter regard, the Committee concluded that "he has not learned from his past, and has failed to rehabilitate himself in any way. Indeed, it seems that the level of respondent's misconduct increased after the (prior) sanctions were issued."

We grant the Committee's petition, to which a response has not been filed, seeking respondent's disbarment. The conver-

sion of a client's funds, by itself, would warrant disbarment (*Matter of Ampel*, 208 AD2d 57; *Matter of Rapoport*, 229 AD2d 1), and the cumulative evidence of respondent's chronic and apparently unrestrained misconduct, his prior disciplinary history, and his felony conviction, speaks in the strongest terms for the immediate imposition of this sanction.

Accordingly, the Committee's petition is granted and the respondent is disbarred, effective immediately.

ROSENBERGER, J. P., ELLERIN, WALLACH, NARDELLI and TOM, JJ., concur.

Petition to confirm the Hearing Panel's report and recommendation is granted, and respondent is disbarred from the practice of law in the State of New York, effective immediately.